UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In the Matter of Complaint of:<br>ADRIAN B. WEISSMAN<br>as Owner of S/V INTREPID,<br>for Exoneration from or<br>Limitation of Liability | CIVIL ACTION IN<br>ADMIRALTY<br><br>NO.<br><br>**CA09- 521** |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

Adrian Weissman ("Petitioner"), as owner of the S/V INTREPID, a certain 34-foot 1989 Beneteau Oceanis 350 recreational sloop, by and through his attorneys, hereby petitions for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30505 and 30511, and in support thereof, avers upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Petitioner is a resident of the Town of Cambridge, Commonwealth of Massachusetts.

3. The vessel which is the subject of this Petition is a 34-foot 1989 Beneteau Oceanis 350 recreational sloop (hereafter "the Vessel"), and she presently lies at Brewer Yacht Yard at Cowesett, 100 Folly Landing Road, Warwick, Rhode Island.

4. At all material times hereto, Petitioner was the owner of the Vessel and a party entitled to petition for exoneration from or limitation of liability within the meaning of the Revised Statutes of the United States.

5. On or about July 24, 2009, while on navigable waters of Great Salt Pond, in the vicinity of Block Island (Town of New Shoreham), Rhode Island, the Vessel was involved in a collision with several other vessels in a moorings field during a severe and intense squall (hereafter

"the Incident").

6. Prior to and at the commencement of the voyage during which the Incident occurred, Petitioner used due diligence to make the Vessel seaworthy for the service for which it was engaged.

7. Any and all losses, injuries and damages which are or may be claimed to have resulted from the Incident were not caused by or attributable to any fault, neglect or want of due care on the part of Petitioner, the Vessel, her operator, or anyone for whom Petitioner may be responsible, but on the contrary were occasioned and occurred without Petitioner's privity or knowledge, and were caused by an Act of God, or by the fault or neglect of others for whom the Petitioner is not responsible, or by conditions beyond the control of the Petitioner and the operator of the S/V INTREPID.

8. As a result of the aforesaid incident, the following Claimants have asserted claims against the Petitioner for damage or loss to their respective vessels:

Travelers Insurance, as subrogee of Jerry Nigro, Robert DeNatale, and William Wagner
AIG Inc., as subrogee of Jerry Dunn/Rowsey-Dunn Family Trust
Richard Clow, Sr.
Anton Richard Sattler
Jerry Nigro
Robert DeNatale
William Wagner
Jerry Dunn/Rowsey-Dunn Family Trust

9. Petitioner and/or his liability underwriter first received written notice of a claim on July 27, 2009.

10. Petitioner avers that the amount of damages and/or claims hereinabove described and all other possible claims against Petitioner and/or the S/V INTREPID may exceed or may be alleged to exceed the amount or value of the S/V INTREPID at the conclusion of its voyage following the incident.

11. There was no freight pending which was due and payable to Petitioner at the time of the Incident.

12. The Petitioner avers that the voyage on which the Vessel was engaged at the time of

the incident terminated at Block Island (Town of New Shoreham), Rhode Island on July 24, 2009, that the Vessel was damaged as a result of the incident, and that the value of said Vessel at the close of said voyage was approximately $15,000.00.

13. Upon information and belief, there were and are no unsatisfied liens or claims of lien pending against the Vessel arising from the Incident or the voyage.

14. Upon information and belief, at the time of the filing of this Petition, no suits relating to the Incident have been filed in any Court.

15. Petitioner denies liability for any loss, injury or damage which may be claimed by any person or entity arising out of the Incident, and Petitioner is entitled to a judgment of exoneration and exemption from liability for any and all claims for damages, losses and consequences occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforesaid incident. Petitioner avers that he has valid defenses separately and collectively on the merits to any and all such claims.

16. In addition, and in the alternative, Petitioner claims the benefit of the Limitation of Liability Act, 46 U.S.C. §§ 30505 and 30511, et sequentes, and all statutes amendatory thereof and supplementary thereto.

17. Petitioner further specifically avers that this Complaint, and the claims for exoneration from or limitation of liability asserted herein, is filed not only on its behalf, but also on behalf of its liability underwriters which shall be entitled to exoneration from or limitation of liability to the same extent as Petitioner.

18. Petitioner reserves the right to supplement and amend this Complaint as further facts may be adduced or discovered.

19. Petitioner is ready, able and willing and hereby offers to give a stipulation with sufficient surety for the payment into Court of the amount or value of his interest in the Vessel, whenever the same shall be ordered by this Court, as provided by the aforesaid statutes or by the

Supplemental Admiralty Rules and the practice of this Honorable Court.

20. All and singular, these premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Petitioner prays:

A. That the Court cause due appraisement to be made of the amount or value of the Petitioner's interest in the Vessel;

B. That the Court enter an Order directing the Petitioner to file a stipulation with surety to be approved by the Court, for the payment into Court of the amount of the Petitioner's interest in the said vessel, if any, whenever the Court shall order, or issue an order excusing the petitioner from furnishing a stipulation;

C. That the Court enter an Order directing the issuance of a monition to all persons claiming losses or injuries or damages alleged to have arisen or resulted from the Incident or occurring during the voyage upon which the Vessel was then engaged, citing them to appear before this Honorable Court and make due proof of their claims, and also to appear and answer the allegations of this Complaint according to the laws of this Court on or before a certain time to be fixed by the monition, or be thereafter barred from making any such claims against the Vessel or against Petitioner, his agents, representatives, or any person on whose behalf Petitioner may be liable;

D. That the Court enter an Order directing that upon the giving of such a stipulation as may be determined to be proper, an injunction shall issue restraining the further prosecution of any and all suits, actions and proceedings which may have already begun to recover for alleged losses, injuries or damages sustained as a result of the Incident and further enjoining the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature against Petitioner, its agents, representatives or any other person in respect to any claim or claims arising out of the Incident;

678541v1

E. That the Court in these proceedings will adjudge the Petitioner not liable in any way for any loss, damage or injury, or for any claim whatsoever arising out of the aforesaid incident, or if the Petitioner shall be adjudged liable, then such liability shall be limited to the amount of its interest in the Vessel at the end of the voyage in which she was engaged, and her freight pending, if any, and that a decree may be entered discharging the Petitioner from any and all further liability;

F. That Petition may have such other or further relief as the justice of the cause may require.

Respectfully Submitted,

ADRIAN B. WEISSMAN
By his Attorneys,

MORRISON MAHONEY LLP

_____
Lauren Motola-Davis (#3396)
Andrew A. Beerworth (#7148)
10 Weybosset Street, Suite 900
Providence, RI 02903
(401) 331-4660 Telephone
(401) 351-4420 Facsimile
lmdavis@morrisonmahoney.com

Dated: October 29, 2009

678484v1